**BING SHUI LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–4490–ag.

United States Court of Appeals,
Second Circuit.

May 17, 2007.

Lin Li, New York, NY, for Petitioner.

Joe W. Stecher, United States Attorney; Susan T. Lehr, Assistant United States Attorney, Omaha, NE, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Bing Shui Lin, a citizen of the People's Republic of China, seeks review of a July 29, 2005 order of the Board of Immigration Appeals ("BIA"), affirming the May 10, 2004 decision of Immigration Judge ("IJ") Terry Bain, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Bing Shui Lin,* No. A79 414 890 (B.I.A. July 29, 2005) *aff'g* No. A79 414 890 (Immig. Ct. N.Y. City May 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). The agency's factual findings are reviewed for substantial evidence, and are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Questions of law and the application of law to undisputed fact are reviewed *de novo. See, e.g., Edimo–Doualla v. Gonzales,* 464 F.3d 276, 282 (2d Cir.2006).

The agency reasonably determined that Lin's harassment by the family planning officials, and the trauma he experienced as a result of that harassment, do not rise to the level of persecution. The family planning officials targeted Lin's parents, not Lin, who was a child. *Cf. Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir.2006). Any abuse he suffered was not on account of his personal violation of the family planning policy, but rather as harassment in order to determine where his parents were. Lin was neither arrested nor detained when he was hit by the official, and, thus, we are not compelled to reject the IJ's finding that he suffered no severe abuse. *See Ai Feng Yuan v. U.S. Dept. of Justice,* 416 F.3d 192, 198 (2d Cir.2005). Finally, Lin may not establish eligibility for relief based on his mother's forced sterilization. *Shao Yan Chen v.*

*U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005) (children of people persecuted under a coercive family planning policy are not *per se* eligible for asylum).

■ The agency reasonably determined that Lin does not have a well-founded fear of future persecution. Lin left China ten years after the incident, after his parents had paid fine, and without further encounters with family planning officials. There is no indication in the record that Lin or his family would again be targeted for his parents' violation of the family planning policy. Lin's claimed fear of future persecution based on his desire to have children is mere speculation, especially considering that Lin is not yet married and has no children. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). The agency therefore was reasonable in concluding that Lin did not meet his burden of proof in establishing eligibility for asylum.

■ Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). And, because Lin failed to raise his CAT claim to the agency, we lack jurisdiction to consider it and dismiss the petition insofar as it seeks review on this basis. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request DENIED in accordance Procedure 34(a)(2), for oral argument in this petition

is with Federal Rule of Appellate and Second Circuit Local Rule 34(d)(1).